## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ALLEN VIDEO TECHNOLOGY, INC.

       Plaintiff,

   v.

HITACHI AMERICA, LTD.,

       Defendant.

Civil Action No.:

**TRIAL BY JURY DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, ALLEN VIDEO TECHNOLOGY, INC., by its attorneys, hereby complains against Defendant HITACHI AMERICA, LTD. as follows:

### I.    PARTIES

1.    Plaintiff, ALLEN VIDEO TECHNOLOGY, INC. ("AVT") is a corporation organized and existing under the laws of the State of Maryland.

2.    Defendant HITACHI AMERICA, LTD. ("HITACHI") is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 50 Prospect Ave., Tarrytown, NY 10591.

### II.    JURISDICTION AND VENUE

3.    This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq*. This Court has personal jurisdiction over HITACHI because it has committed acts giving rise to this action within Maryland and this judicial district and it has established minimum contacts within the forum such that the exercise of jurisdiction over HITACHI would not offend traditional notions of fair play and substantial justice.

4.       Venue properly lies in the District of Maryland pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), because HITACHI has committed acts within this judicial district giving rise to this action, and HITACHI "resides" in this District as it is subject to personal jurisdiction in this District.  Venue is also appropriate because HITACHI is doing business in this judicial district, including one or more of the infringing acts of offering for sale, selling, using infringing products, or providing service and support to HITACHI's customers in this District and it does so through established distribution channels. Furthermore, AVT is a resident of Maryland.

### III.   CLAIMS

### COUNT ONE – Infringement of U.S. Patent No. 7,220,006

5.       AVT realleges and incorporates by reference the allegations set forth in Paragraphs 1-4 above as if fully set forth herein.

6.       On May 22, 2007, United States Patent Number 7,220,006 ("the '006 Patent") entitled "Method and Apparatus for Increasing Effective Contrast Ratio and Brightness Yields for Digital Light Valve Image Projectors" was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO").  A true and correct copy of the '006 Patent is attached hereto as **Exhibit A**.

7.       AVT is the assignee of the '006 Patent and holds the rights to sue and recover for past, present and future infringement thereof.

8.       HITACHI has infringed and/or is still infringing the '006 Patent in the State of Maryland, in this judicial district and elsewhere in the United States by, among other activities, making, using, importing, offering for sale, selling, providing, maintaining and/or supporting, without license or authority, products falling within the scope of one or more claims of the '006 Patent. Such products include, without limitation, HITACHI-branded digital front video projectors (including resident firmware and software) which include a so-called "Active Iris"

feature which utilizes a dynamic iris component to automatically control the effective contrast ratio of a projected video image.

9.      An exemplary product that falls within the scope of one or more claims of the '006 Patent is the HITACHI CP-D32WN video front projector.

10.      HITACHI has committed acts of infringement which have caused damage to AVT. Under 35 U.S.C. § 284, AVT is entitled to recover from HITACHI the damages sustained by AVT as a result of the infringement of the '006 Patent. HITACHI's infringement on AVT's exclusive rights under the '006 Patent will continue to damage AVT causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283.

**COUNT TWO – Infringement of U.S. Patent No. 7,575,330**

11.      AVT realleges and incorporates by reference the allegations set forth in Paragraphs 1-10 above as if fully set forth herein.

12.      On August 18, 2009, United States Patent Number 7,575,330 ("the '330 Patent") entitled "Method and Apparatus for Increasing Effective Contrast Ratio and Brightness Yields for Digital Light Valve Image Projectors" was duly and lawfully issued by the USPTO. A true and correct copy of the '330 Patent is attached hereto as **Exhibit B**.

13.      AVT is the assignee of the '330 Patent and holds the rights to sue and recover for past, present and future infringement thereof.

14.      HITACHI has infringed and/or is still infringing the '330 Patent in the State of Maryland, in this judicial district and elsewhere in the United States by, among other activities, making, using, importing, offering for sale, selling, providing, maintaining and/or supporting, without license or authority, products falling within the scope of one or more claims of the '330 Patent. Such products include, without limitation, HITACHI-branded digital front video

projectors (including resident firmware and software) which include a so-called "Active Iris" feature which utilizes a dynamic iris component to automatically control the effective contrast ratio of a projected video image.

15.     An exemplary product that falls within the scope of one or more claims of the '330 Patent is the HITACHI CP-D32WN video front projector.

16.     HITACHI has committed acts of infringement which have caused damage to AVT.  Under 35 U.S.C. § 284, AVT is entitled to recover from HITACHI the damages sustained by AVT as a result of the infringement of the '330 Patent. HITACHI's infringement on AVT's exclusive rights under the '330 Patent will continue to damage AVT causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283.

### COUNT THREE – Infringement of U.S. Patent No. 8,520,149

17.     AVT realleges and incorporates by reference the allegations set forth in Paragraphs 1-16 above as if fully set forth herein.

18.     On August 27, 2013, United States Patent Number 8,520,149 ("the '149 Patent") entitled "Method and Apparatus for Increasing Effective Contrast Ratio and Brightness Yields for Digital Light Valve Image Projectors" was duly and lawfully issued by the USPTO.  A true and correct copy of the '149 Patent is attached hereto as **Exhibit C**.

19.     AVT is the assignee of the '149 Patent and holds the rights to sue and recover for past, present and future infringement thereof.

20.     HITACHI has infringed and/or is still infringing the '149 Patent in the State of Maryland, in this judicial district and elsewhere in the United States by, among other activities, making, using, importing, offering for sale, selling, providing, maintaining and/or supporting, without license or authority, products falling within the scope of one or more claims of the '149

Patent. Such products include, without limitation, HITACHI-branded digital front video projectors (including resident firmware and software) which include a so-called "Active Iris" feature which utilizes a dynamic iris component to automatically control the effective contrast ratio of a projected video image.

21.     An exemplary product that falls within the scope of one or more claims of the '149 Patent is the HITACHI CP-D32WN video front projector.

22.     HITACHI has committed acts of infringement which have caused damage to AVT.  Under 35 U.S.C. § 284, AVT is entitled to recover from HITACHI the damages sustained by AVT as a result of the infringement of the '149 Patent. HITACHI's infringement on AVT's exclusive rights under the '149 Patent will continue to damage AVT causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283.

**COUNT FOUR – Infringement of U.S. Patent No. 8,860,891**

23.     AVT realleges and incorporates by reference the allegations set forth in Paragraphs 1-22 above as if fully set forth herein.

24.     On October 14, 2014, United States Patent Number 8,860,891 ("the '891 Patent") entitled "Method and Apparatus for Increasing Effective Contrast Ratio and Brightness Yields for Digital Light Valve Image Projectors" was duly and lawfully issued by the USPTO. A true and correct copy of the '891 Patent is attached hereto as **Exhibit D**.

25.     AVT is the assignee of the '891 Patent and holds the rights to sue and recover for past, present and future infringement thereof.

26.     HITACHI has infringed and/or is still infringing the '891 Patent in the State of Maryland, in this judicial district and elsewhere in the United States by, among other activities, making, using, importing, offering for sale, selling, providing, maintaining and/or supporting,

without license or authority, products falling within the scope of one or more claims of the '891 Patent. Such products include, without limitation, HITACHI-branded digital front video projectors (including resident firmware and software) which include a so-called "Active Iris" feature which utilizes a dynamic iris component to automatically control the effective contrast ratio of a projected video image.

27.     An exemplary product that falls within the scope of one or more claims of the '891 Patent is the HITACHI CP-D32WN video front projector.

28.     HITACHI has committed acts of infringement which have caused damage to AVT.  Under 35 U.S.C. § 284, AVT is entitled to recover from HITACHI the damages sustained by AVT as a result of the infringement of the '891 Patent. HITACHI's infringement on AVT's exclusive rights under the '891 Patent will continue to damage AVT causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283.

## IV.   PRAYER FOR RELIEF

WHEREFORE, AVT respectfully requests that this Court enter judgment against Defendants HITACHI AMERICA, LTD. as follows:

(a)     for a declaration that the '006 Patent, the '330 Patent, the '149 Patent and the '891 Patent are good and valid in law;

(b)     for judgment that HITACHI has infringed and/or continues to infringe the '006 Patent, the '330 Patent, the '149 Patent and the '891 Patent;

(c)     for a permanent injunction under 35 U.S.C. § 283 against HITACHI and its respective directors, officers, employees, agents, subsidiaries, parents, attorneys, and all persons acting in concert, on behalf of, in joint venture, or in partnership with HITACHI thereby enjoining any further acts of infringement;

(d)      for damages to be paid by HITACHI adequate to compensate AVT for

HITACHI's infringement, together with interest, costs and disbursements as

justified under 35 U.S.C. 284; and

(e)      for such further relief at law and in equity as the Court may deem just and

proper.

## V.    DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff AVT hereby demands a

jury trial on all issues triable by jury.

Dated: February 11, 2015                    Respectfully submitted,

                                            ___/s/ Joseph D. Lewis_____
                                            Joseph D. Lewis

                                            *Attorneys for Plaintiff*
                                            *ALLEN VIDEO TECHNOLOGY, INC.*

                                            Joseph D. Lewis
                                            (Maryland Federal Bar # 13379)
                                            **BARNES & THORNBURG LLP**
                                            1717 Pennsylvania Ave, NW, Suite 500
                                            Washington, DC 20006
                                            (202) 289-1313 Telephone
                                            (202) 289-1330 Facsimile
                                            Email: joe.lewis@btlaw.com

                                            *Of Counsel:*
                                            Joseph M. Vanek
                                            Jeffrey R. Moran
                                            Martin Goering
                                            **VANEK, VICKERS & MASINI, P.C.**
                                            55 W. Monroe, Suite 3500
                                            Chicago, IL 60603
                                            (312) 224-1500 Telephone
                                            (312) 224-1510 Facsimile
                                            Email: jvanek@vaneklaw.com
                                            Email: jmoran@vaneklaw.com
                                            Email: mgoering@vaneklaw.com